LAWRENCE De FREITAS, PLAINTIFF-RESPONDENT, v. METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION. DEFENDANT-APPELLANT.

Submitted October 5. 1943—Decided October 29, 1943.

6 

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *Charles N. Kors* and *Milton Albert.*

For the defendant-appellant, *Drewen & Nugent (John P. Nugent).*

The opinion of the court was delivered by

CASE, J. The defendant insurance company carried two policies on the life of Agnes De Freitas. The face amounts of the policies were paid upon the death of the insured. The beneficiary sued, and obtained judgments, for additional benefits which, by the terms of the policies, provisionally became payable upon death by accident. This appeal is from those judgments.

The decedent was a mental patient at the New Jersey State Hospital at Marlboro and died about thirty-four hours after parts of her body had been scalded by hot water in a bathtub. She was syphilitic and suffered from ailments incident to that condition. She was afflicted with encephalitis and myocarditis; her kidneys were diseased, likewise her liver and spleen. It was conceded that the scalding of the woman had resulted in second degree burns of her feet, her buttocks and her external genital organs. It was the undisputed testimony that she was mentally and physically diseased and that her resistance against injury was consequently lowered. It is not disputed, here, that the incident of the burning was an accident. The litigated issue was whether, notwithstanding the lowered physical resistance, the death—to use the words of the policy —"resulted, independently of all other causes, from bodily injuries caused solely by external, violent and accidental means" and whether the death was "caused or contributed to by disease or infirmity."

Appellant's first point is that the trial court committed error in denying defendant's motions for direction of verdicts in its favor; and the point is predicated upon the contention

that there was no evidence to sustain a verdict for the plaintiff under the provisions of the contract. Following the jury verdicts the insurance company sued out rules to show cause why the verdicts should not be set aside on the ground that they were so clearly against the weight of the evidence as to be the result of mistake, passion, prejudice or partiality. Under the rule the trial court reviewed the evidence, decided that the jury was warranted in coming to the conclusion "that the deceased met her death from accidental causes, independently of all other causes" and that this was so notwithstanding the lowered powers of resistance. On appeal from judgments entered after a defendant's rule to show cause has been discharged, an appellate court will not consider and decide any question that was assigned as a ground for setting aside the verdict on the rule. When the trial judge determined that the verdict was not against the weight of the evidence he necessarily decided, adversely, the question which the appellant now seeks to argue. It cannot be that there was no evidence to support a verdict and yet that the verdict was not clearly against the weight of the evidence. Appellant is not permitted to argue the point here. *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497; *Dombroski* v. *Metropolitan Life Insurance Co.,* 126 *Id.* 545. *R. S.* 2:32–205.

The only other point argued by the appellant is that the trial court erred in permitting the decedent's attending physician to answer a question calling for a statement as to what a medical text-book said on the subject of death by toxemia as a result of burns. In response to that question the witness testified that the volume contained this statement: "In twenty-four to forty-eight hours or as late as the fourteenth day, the signs of the toxic protein absorption become evident. The temperature is elevated, the pulse is rapid, the patient may be drowsy or delirious, there is vomiting, and death may quickly ensue." There was no dispute over the fact that the accidental injury—the second degree burn—was a factor in causing death or that toxemia did, within a day and a half, follow the burn or that the course indicated was the natural course. The controversy was whether the diseases from which the woman suffered had so depleted her powers of resistance

that her body could not withstand the added stress of the accident and that her organs could not carry off the poisons that ensued and, so, whether death resulted solely from bodily injuries independently of and without contribution by disease or infirmity. Defendant claimed, for instance, that the heart, because of the pre-existing ailment, was unable to respond to the emergency, and that the kidneys, for the same reason, could not give escape to the toxemia, and that these various elements which were already sapping the woman's life contributed to the results of the burn in causing death. It was the testimony of defendant's medical witness that the accidental scalding produced both shock and toxemia which, superimposed upon an organism completely deteriorated by syphilis, became the precipitating cause, but not the real cause, of death. We think that the answer elicited by the question was quite aside from the contested issue and was not harmful to the defendant; it did not bear materially on the controverted question. Moreover, the matter thus read into the testimony over objection was later restated as a medical fact by the witness on his own knowledge and experience and in this way went to the jury without objection. A judgment will not be reversed on the ground of improper admission or exclusion of evidence unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party. *R. S.* 2:27–363; *Kargman* v. *Carlo*, 85 *N. J. L.* 632.

The judgments below will be affirmed.